IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00312-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOY NELL WANDELL,

    Defendants.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

---

**Blackburn, J.**

The matter before me is the defendant's **Motion for Declaration of Complexity and To Exclude Time Within Which the Trial for the Offenses Charged in the Indictment Must Commence Pursuant to 18 U.S.C. § 3161(h) and for Continuance of Motions Deadline (Filed Under Seal To Comply with Protective Order)** [#17][1] filed June 30, 2010. I held a hearing on this motion on July 30, 2010. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the hearing.

The defendant's motion implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

    The following periods of delay shall be excluded . . . in

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. **See** 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. **See** 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. **Id.** at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such

> proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." **Id.,** § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" **Hill**, 197 F.3d at 441 (quoting **United States v. Doran**, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" **Id.** (quoting **Doran**, 882

3

F.2d at 1516). I have discharged these duties.

The government opposes the defendant's request that this case be determined to be complex under 18 U.S.C. § 3161(h)(7)(B)(ii).  Otherwise, the government does not oppose the defendant's motion.  Aside from any averments of fact directed solely to the defendant's request that this case be determined to be complex, the other averments of fact alleged in the motion have been essentially confessed by the government. Thus, those foundational and predicate facts are deemed established, and I need not reiterate them here.

The defendant's motion describes some of the principal factors that counsel believes necessitate the exclusion of time under the Speedy Trial Act, and I adopt and incorporate those facts and the concomitant findings of fact that I entered during the hearing on July 30, 2010.

Defense counsel has been working diligently to gather evidence and otherwise to investigate this matter in preparation for the filing of pretrial motions and for trial. Notwithstanding, defense counsel needs a reasonable, additional time to complete her investigation; prepare pretrial motions; prepare for pretrial hearings; react to my rulings on anticipated pretrial motions; and finalize preparation for trial.  At the hearing on July 30, 2010, the court and counsel analyzed and determined together in a reasonable way the time reasonably necessary to complete these initial steps in the orderly pretrial development of this case, and such analysis and the resultant determinations and deadlines are incorporated by reference.

I relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order *pro tanto*.  Additionally, I was sensitive to and

mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *Bloate v. United States*, – U.S. –. 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010).

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial and filing deadlines beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That this case is not unusual or complex, as those terms are used in 18 U.S.C. § 3161(h)(7)(B)(ii);

(3) That even considering due diligence, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4) That for now two hundred twenty five (225) days from July 30, 2010, should be excluded from the computation of the speedy trial time; and

(5) That, therefore, the ends of justice served by granting the motion outweigh

5

the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion for Declaration of Complexity and To Exclude Time Within Which the Trial for the Offenses Charged in the Indictment Must Commence Pursuant to 18 U.S.C. § 3161(h) and for Continuance of Motions Deadline (Filed Under Seal To Comply with Protective Order)** [#17] filed June 30, 2010, is **DENIED** to the extent the defendant seeks a determination that this case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii);

2. That otherwise, the defendant's **Motion for Declaration of Complexity and To Exclude Time Within Which the Trial for the Offenses Charged in the Indictment Must Commence Pursuant to 18 U.S.C. § 3161(h) and for Continuance of Motions Deadline (Filed Under Seal To Comply with Protective Order)** [#17] filed June 30, 2010, is **GRANTED** on the basis of "ends of justice" consistent with the foregoing findings and conclusions;

3. That for now **two hundred twenty five (225) days** from July 30, 2010, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

4. That all non-CJA, pretrial motions **SHALL BE FILED** by **December 28, 2010**;

5. That any response to such a timely filed pretrial motion **SHALL BE FILED** by **January 10, 2011**;

6. That any such pretrial motion that the court determines should be set for

6

hearing **SHALL BE SET** for hearing during a telephonic motions setting conference on **January 12, 2011**, at **10:30 a.m.** (MST), at which the defendant need not appear; provided, furthermore, that counsel for the government **SHALL ARRANGE** and **COORDINATE** the conference call necessary to facilitate the setting conference;

    7.  That as agreed by all, the Trial Preparation Conference **SHALL BE HELD** on Friday, **March 4, 2011**, at **3:00 p.m.** (MST);

    8.  That as agreed by all, trial by jury **SHALL COMMENCE** on Monday, **March 7, 2011**, at **8:30 a.m.** (MST), in Courtroom A1001, Tenth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, with the court reserving **six (6) days** for trial;

    9.  That the Trial Preparation Conference set for August 13, 2010, and the jury trial set to commence August 23, 2010, are **VACATED**; and

    10.  That the **Trial Preparation Conference Order** [#14], filed June 23, 2010, is **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders.

    Done in chambers August 3, 2010, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench during the hearing on July 30, 2010.

                                                    **BY THE COURT:**

                                                    */s/ Robert E. Blackburn*
                                                    Robert E. Blackburn
                                                    United States District Judge