# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 10-cr-00312-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JOY NELL WANDELL,

      Defendant.

## ORDER DENYING REQUEST FOR RELEASE OF FUNDS

**Blackburn, J.**

      The matter before me is defendant's **Letter** [#115],[1] filed March 30, 2017, requesting the court release certain funds to her. I construe this motion as a motion to quash the writs of garnishment issued in favor of the government in this case. As thus construed, I deny the motion.[2]

      The facts of this case are set forth in the **United States' Amended Memorandum in Support of Its Writ for Garnishment** [#120], filed April 20, 2017, which I incorporate herein by reference. As part of her decree of dissolution of marriage (**see id.**, Exh. 2), defendant became entitled to funds held in her former husband's

---

[1] "[#115]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because defendant is proceeding *pro se*, I have reviewed and construed her motion more liberally than if it had been prepared by an attorney. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

retirement accounts.  Because defendant still owes more than $65,000 in restitution as a result of her plea of guilty in this case, the government applied for writs to garnish these funds in partial satisfaction of the obligation ([## 107 &109], filed February 27, 2017).  The clerk issued the writs ([## 108 & 100, filed February 27, 2017), and the garnishees filed answers ([#111], filed March 13, 2017 & [#112], filed March 22, 2017).[3]  By her motion, plaintiff claims these funds represent back child support owed her and requests they be released to her, less $5,000 to be put toward her restitution obligation.

"The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C.A. § 3613(a).  **See also** 18 U.S.C. § 3664(m)(1)(A)(i) ("An order of restitution may be enforced by the United States[.]").  "These provisions allow the government to enforce  an order of restitution as if it were a lien or civil judgment in favor of the United States."  **United States v. Martinez**, 812 F.3d 1200, 1202 (10th Cir. 2015) (internal quotation marks omitted).  "Among the government's enforcement tools is the writ of garnishment," as provided by the Fair Debt Collection Practices Act ("FDCPA"), 28 U.S.C. §§ 3001- 3308.  **Id.** (citing 18 U.S.C. § 3205(a)).  **See also** 18 U.S.C. § 3001(a)(1) (in general, FDCPA "provides the exclusive civil procedures for the United States to recover a judgment on a debt"); **United States v. Phillips**, 303 F.3d 548, 550-51 (5th Cir. 2002) ("The federal law that provides the practices and procedures for the enforcement of a civil judgment is the FDCPA."), **cert. denied**, 123 S.Ct. 1253 (2003).

---

[3] Defendant filed **Notices** ([## 113 & 114], filed March 30, 2017), indicating she did not request a hearing as to either writ.

Although the writ of garnishment is issued *ex parte*, the debtor is entitled to a copy of the application and the order granting it, as well as notice of her right to request a hearing. 18 U.S.C. § 3004. **See also** 18 U.S.C. § 3202 (prescribing form of notice and procedures for service, and setting forth debtor's right to a hearing). Within 20 days of receipt of the notice, the debtor may move to quash the writ. 18 U.S.C. § 3202(d).

Defendant's motion, however, is both procedurally and substantively deficient. Procedurally, her motion is time-barred. Notice of the writs was mailed to defendant on the day they issued, February 27, 2017. (**See** [#108-1] & [#110-1].) Receipt is presumed within five days of mailing. **See Marquez v. New Mexico**, 214 Fed. Appx. 855, 856 (10th Cir. Jan. 31, 2007); **Witt v. Roadway Express**, 136 F.3d 1424, 1429-30 (10th Cir.), **cert. denied**, 119 S.Ct. 188 (1998). Defendant's motion therefore was due no later than March 24, 2017. The motion, however, is dated March 27, 2017, and was docketed on March 30, 2017. It therefore is untimely, and subject to denial on that basis alone.

Moreover, and substantively, the issues the court may consider in determining whether to quash a writ of garnishment are limited by statute. **See** 18 U.S.C. § 3202(d)(1)-(3). Of these, only one – "the probable validity of any claim of exemption by the judgment debtor" – is implicated here. Defendant, however, has not established a valid claim of exemption.[4]

With limited exceptions, a restitution order may be "enforced against all property

---

[4] Given these limitations, defendant's claims that these funds are a "life line," as well as her offer to remit a portion thereof to pay down her restitution obligation, are not proper considerations for this court in determining whether quashal is required.

and rights to property of the person fined." 18 U.S.C. § 3613(a). Because restitution orders are to be satisfied in the same manner as tax liabilities, *see* 18 U.S.C. § 3613(c); *United States v. Golden*, 2010 WL 5141706 at *2 (W.D. Okla. Dec. 13, 2010), "exemptions available in a federal court garnishment action seeking collection of restitution are limited to those in the Internal Revenue Code," *Golden*, 2010 WL 5141706 at *2 (citing *United States v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007), and *Phillips*, 303 F.3d at 550-51). Funds held in retirement accounts are not tax-exempt and therefore are subject to garnishment. *See United States v. DeCay*, 620 F.3d 534, 541 (5th Cir. 2010) (collecting cases); *United States v. Irving*, 452 F.3d 110, 126 (2nd Cir. 2003); *United States v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007) (en banc); *United States v. James*, 312 F.Supp.2d 802, 806 (E.D. Va. 2004) (collecting cases).[5] That the subject funds a held in retirement accounts, therefore, does not exempt them from garnishment.

Although court-ordered payments for the support of a minor child are exempt from garnishment, *see* 26 U.S.C. § 6334(a)(8),[6] the record does not support defendant's unsubstantiated claim that she is owed back child support. (**See Gov't Amend. Resp. App.**, Exh. 2 at 2 (showing no money owed to defendant by her ex-husband for child support arrears).) Nor was the decree of dissolution of marriage entered prior to the

---

[5] In many of these cases, the issue has been whether these funds should be exempt from garnishment by virtue of the anti-alienation provisions of ERISA. Thus, although the record is silent as to whether the subject funds are held by ERISA plans, that fact is irrelevant to my determination.

[6] In addition, "[t]he implementing regulation for [18 U.S.C. § 6334(8)] specifically mandated that a taxpayer claiming such exemption establish the amount that satisfies the child support decree." *Mission Primary Care Clinic, PLLC v. Director, Internal Revenue Service*, 370 Fed. Appx. 536, 541 (5th Cir. March 25, 2010) (citing 26 C.F.R. § 301.6334-1(a)(8)). Defendant has offered no such proof here.

4

date of the restitution order. **See** 26 U.S.C. § 6334(a)(8) (exempting from levy only judgments for child support "entered prior to the date of levy"). **See also United States v. Corso**, 2016 WL 3349213 at *4 (D. Conn. June 14, 2016).

Finally, section 6334(a)(8) exempts from levy only "salary, wages, and other income." Under the principle of statutory construction known as *ejusdem generis*, "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." **Woods v. Simpson**, 46 F.3d 21, 23 (6th Cir. 1995) (citation and internal quotation marks omitted). Thus, retirement and pension benefits – which are not typically paid out in regular installments, and certainly not in this case – have been found not to constitute "other income" for purposes of section 6334(a)(8). **See United States v. Grigsby**, 2015 WL 471248 at *2 (D. Kan. Feb. 4, 2015). **See also United States v. Centennial Savings Bank**, 499 U.S. 573, 582-83, 111 S.Ct. 1512, 1518-19, 113 L.Ed.2d 608 (1991) (tax exemptions are to be narrowly construed); **Woods**, 46 F.3d at 24 (noting related section 6334(d) exempts specified amounts for "wages, salary, and other income" defined as payments received weekly or during any applicable pay period or other fiscal period).

**THEREFORE, IT IS ORDERED** that defendant's **Letter** [#115], filed March 30, 2017, construed as a motion to quash the writs of garnishment issued in favor of the government in this case, is denied.

Dated October 13, 2017, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge